IN THE UNITED STATES COURT

SOUTHERN DISTRICT, INDIANAPOLIS, INDIANA

**FILED**

JUL 13 2022

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

WARRN EASTERLING

1043 S. 23RD ST., APT.104 BOX Q-16

RICHMOND, INDIANA 47374

COMPLAINT FILED BY PLAINTIFF

VS.

WITH ONE FEDERAL QUESTION

MIKE DEWINE

77 S. HIGH ST., 30TH FLOOR

1 : 22-cv- 1 3 9 9 JPH -DLP

COLUMBUS, OH. 43215

AND

THOMAS ROSE

200 W. SECOND ST. ROOM 910

DAYTON, OH. 45402

1

The Plaintiff, in his claims for relief, states the following:

1. The Defendant has failed to uphold the U.S. Constitution by enforcing 2323.52 of the Ohio Revised code where the statute violates the Tenth Amendment of the U.S. Constitution, the Fourteenth Amendment and the Supremacy Clause.

2. 2323.52 of the Ohio revised code is unconstitutional.
3. 2323.52 of the Ohio revised code , where leave of court is required to Continue cases or commence new ones, deprives one of rights granted to all citizens, if leave is denied, Therefore it violates Title 42 U.S.C. 1985.

## JURISDICTION

Jurisdiction is proper in the U.S. District Court pursuant to Title 28 U.S.C. 1331 where the Plaintiff will pose a federal question. Diversity jurisdiction places the instant case in this court due to the Plaintiff being a resident of Indiana and the Defendants are residents of the State of Ohio.

## PROCEDURAL POSTURE

The Plaintiff has filed a similar case 3:16 cv 139 captioned Easterling vs. Dewine in the U.S. District Court where there was no valid judgment on the merits. The Plaintiff did not enjoy **equal protection** of stare decisis. The Supreme Court case law within the Supremacy Clause was ignored.

## IMMUNITY

The instant case is being filed as a **BIVENS** action where all defendant are stripped of their official capacities using the **STRIPPING DOCTRINE** consistent with the ruling of *EX PARTE YOUNG 209 U.S.123(1908).*

The Plaintiff, for his complaint, states the following:

1. 2323.52 of the Ohio revised code is unconstitutional due to its ability to restrict or eliminate due process when a person is found to be a vexatious litigator section (D)(2) confirms the court of common pleas may enter an order prohibiting the vexatious litigator from (a) instituting new legal proceedings in a court of common pleas, municipal court or county court or (b) continuing any legal proceedings in any state court. The requirement to obtain leave renders 2323.52 unconstitutional.

   A. **2323.52 VIOLATES THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND TRIGGERS DEPRIVATION OF A RIGHT GRANTED TO ALL CITIZENS.**

   The due process clause states," **NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW."** The possibility that leave could be denied confirms a deprivation of a right granted by the constitution. **2323.52 VIOLATES THE EQUAL PROTECTION CLAUSE WITHIN THE FOURTEENTH AMENDMENT.**

   **2323.52** washes away equal protection of due process with the requirement to obtain leave and the possibility of complete denial of leave.

   C. **2323.52 VIOLATES THE TENTH AMENDMENT OF THE U.S. CONSTITUTION.**

   **Where the Tenth Amendment states,** "The powers enumerated to the federal government are federal, all other powers are enumerated to the states, hence the idea of "states' rights"; No state would have any power restrict federal guarantees. 2323.52 specifically restricts and or serves as an obstruction to the full purpose and intent of the Federal Government.

2. THE SUPREMACY CLAUSE CONFIRMS THE U.S.CONSTITUTION, U.S LAW AND U.S TREATIES ARE THE SUPREME LAW OF THE LAND.

   As confirmed by the following case law:

4

In *Ware v. Hilton*, 3 U.S. (3 Dall.) 199 (1796), the United States Supreme Court for the first time applied the Supremacy Clause to strike down a state statute. Virginia had passed a statute during the Revolutionary War allowing the state to confiscate debt payments by Virginia citizens to British creditors. The Supreme Court found that this Virginia statute was inconsistent with the Treaty of Paris with Britain, which protected the rights of British creditors. Relying on the Supremacy Clause, the Supreme Court held that the treaty superseded Virginia's statute, and that it was the duty of the courts to declare Virginia's statute "null and void".

In *Ableman v. Booth*, 62 U.S. 506 (1859), **the Supreme Court held that state courts cannot issue rulings that contradict the decisions of federal courts,** citing the Supremacy Clause, and overturning a decision by the Supreme Court of Wisconsin. Specifically, the court found it was illegal for state officials to interfere with the work of U.S. Marshals enforcing the Fugitive Slave Act or to order the release of federal prisoners held for violation of that Act. The Supreme Court reasoned that because the Supremacy Clause established federal law as the law of the land, the Wisconsin courts could not nullify the judgments of a federal court. The Supreme Court held that under Article III of the Constitution, the federal courts have the final jurisdiction in all cases involving the Constitution and laws of the United States, and that the states therefore cannot interfere with federal court judgments.

In *Pennsylvania v. Nelson*, 350 U.S. 497 (1956) the Supreme Court struck down the Pennsylvania Sedition Act, which made advocating the forceful overthrow of the federal government a crime under Pennsylvania state law. The Supreme Court held that when federal interest in an area of law is sufficiently dominant, federal law must be assumed to preclude enforcement of state laws on the same subject; and a state law is not to be declared a help when state law goes farther than Congress has seen fit to go.

In *Cooper v. Aaron*, 358 U.S. 1 (1958), the Supreme Court rejected attempts by Arkansas to nullify the Court's school desegregation decision, *Brown v. Board of Education*. The state of Arkansas, acting on a theory of states' rights, had adopted several statutes designed to nullify the desegregation ruling. **The Supreme Court relied on the Supremacy Clause to hold that the federal law controlled and could not be nullified by state statutes or officials.** *Therefore 2323.52 cannot nullify free access to the courts or injure, interfere or intimidate due process in any manner.*

5

In *Edgar v. MITE Corp.*, 457 U.S. 624 (1982), the Supreme Court ruled: "A state statute is void to the extent that it actually conflicts with a valid Federal statute". In effect, this means that a State law will be found to violate the Supremacy Clause when either of the following two conditions (or both) exist:[3]

1. Compliance with both the Federal and State laws is impossible
2. "State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"

Requesting leave is an obstacle to free and unobstructed access to the courts where the possibility of being denied leave makes compliance with the federal law and the state law impossible or stands as an obstacle. No court can assume to authority to deny leave when the state has no fiduciary responsibility towards any person, and the Constitution has granted due process, free of obtaining leave.

### 3. THE DIMISSAL IN CASE 3:16 CV 139 ARGUED THE COMPLAINT IS BARRED BY ROOKER-FELDMAN

Under Title 28 U.S.C. 1331 the Plaintiff enjoys the right to challenge the use of a statute which the Plaintiff claims is unconstitutional, where equal protection of Title 28 U.S.C.1331 allows for the opportunity to prove this claim. This right cannot be legally barred by Rooker-Feldman and the outcome of the claim does not constitute re-litigation. Rooker-Feldman simply does not apply.

### FEDERAL QUESTION

DOES 2323.52 OF THE OHIO REVISED CODE VIOLATE THE SUPREMACY CLAUSE, THE TENTH AND FOURTEENTH AMENDMENTS AND REPRESENT DEPRIVATION OF RIGHTS GRANTED TO ALL CITIZENS IN VIOLATION OF TITLE 42 U.S..C 1985 WHEN LEAVE OF COURT IS DENIED?

Wherefore, the Plaintiff asks this court for a judgment in favor of the Plaintiff.

Truly,

Warren Easterling

Plaintiff/ Attorney Pro Se

1043 S. 23rd St., Apt. 104 Box Q-16

Richmond, In. 47374

sawyourprivates@gmail.com

937-344-4209

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Warren Easterling,

    *Plaintiff,*

v.

              Case No. 3:16-cv-139
              Judge Thomas M. Rose

Attorney General Mike DeWine.,

    *Defendants.*

---

**ENTRY AND ORDER DENYING MOTION FOR INJUNCTIVE RELIEF, DOC. 7, OVERRULING OBJECTION TO REPORT AND RECOMMNENDATIONS, DOC. 11, OVERRULING OBJECTION TO REPRT AND RECOMMENDATIONS, DOC. 18, ADOPTING REPORTS AND RECOMMENDATIONS, DOCS. 9 AND 17, GRANTING MOTION TO DISMISS, DOC. 13, ADOPTING REPORT AND RECOMMENDATIONS, DOC. 20, OVERRULING OBJECTION TO REPORT AND RECOMMENDATIONS, DOC. 21, AND TERMINATING CASE.**

---

*Pro se* Plaintiff Warren Easterling r brought this case seeking a declaration that the Ohio vexatious litigator statute, Ohio Revised Code § 2323.52, is unconstitutional under the Tenth Amendment and the Supremacy Clause of the United States Constitution. (Complaint, ECF No. 1, PageID 2). He named the Attorney General and the Chief Justice as Defendants because, he says, they are guilty of enforcing that statute. Id.

Plaintiff has accompanied his complaint with a Motion for Injunctive Relief aimed not at Defendant, but at the Second District Court of Appeals and the Ohio Bureau of Motor Vehicles. Doc. 7. Plaintiff cannot obtain relief in this case against the Second District Court of Appeals or the Ohio Bureau of Motor Vehicles because they are not parties to this case. Nor does it avail the

Plaintiff that he has asked for injunctive relief against the State of Ohio rather than the Second District and the BMV because the State of Ohio is also not a party to this case. Magistrate Judge Merz properly recommends that because Mr. Easterling seeks injunctive relief against non-parties, his Motion for Injunctive Relief should be denied. Doc. 9 at PageID 85. Plaintiff's supplemental objection, Doc. 11, did not change the Magistrate's recommendation regarding the motion. Doc. 17.

Defendants answered the complaint with a motion to dismiss. Doc. 13. The Magistrate properly recommends that this Court is barred by *Rooker-Feldman* from deciding Easterling's claims insofar as they complain of application of the vexatious litigator statute to him. Doc. 20.

The Magistrate also recommends that insofar as Easterling makes a facial challenge to the constitutionality of Ohio Revised Code § 2323.52, his position should be barred by the decision in *Hall v. Callaghan*, 727 F.3d 450, 2013 U.S. App. LEXIS 14520 (6th Cir. 2013). Easterling asks the Court to disregard Hall because he says it is "a piece of corrupted case law where fraud on the court occurred by *sua sponte* granting summary judgment and by the fact of *Hall v. Callahan* being based upon *Mayer v. Bristow* which is a nullity for lack of jurisdiction." As the Magistrate points out, the place to have a Sixth Circuit precedent declared "corrupted" is the Sixth Circuit. Trial courts are obliged to follow precedent established by the Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987). To be sure, this anarchy would be that experienced throughout the non-English-speaking world. *Gipson v. State*, 844 S.W.2d 738, 742 (Tex. Crim. App. 1992) ("Unlike civil law countries, English-speaking jurisdictions officially

accept that decisions of the judiciary are binding in future cases."). These are countries in which "leanings of the lower courts...are more significant in shaping the law than they are in common law countries where the rule of precedent prevails." *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 713 (1976).

As the Magistrate further recommends, Easterling has failed to plead a claim upon which relief can be granted under 42 U.S.C. § 1985 while 18 U.S.C. §§ 241 and 242 are criminal statutes which do not create a private cause of action. Doc. 20.

For these reasons, Plaintiff's Motion for Injunctive Relief, Doc. 7, is **DENIED**. Plaintiff's Objections to the Magistrate's Report and Recommendations, Doc. 11 & 18, are **OVERRULED**, the Magistrate's Reports and Recommendations that the Court Deny the Motion for Injunctive Relief, Docs. 9 & 17 are **ADOPTED**, Defendants' Motion to Dismiss, Doc. 13, is **GRANTED**, the Magistrate's Report and Recommendations that the complaint be dismissed, Doc. 20, is **ADOPTED**, and Plaintiff's Objection to the Report and Recommendations, doc. 21, is **OVERRULED**. The instant case is **TERMINATED** from the dockets of the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Wednesday, July 20, 2016.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3

Lawriter - ORC - 2323.52 Civil action to declare person vexatious litigator. Page 1 of 3

Case 1:22-cv-01399-JPH-DLP   Document 1-1   Filed 07/13/22   Page 11 of 13 PageID #: 17

*₭.⍟  #2*

## 2323.52 Civil action to declare person vexatious litigator.

(A) As used in this section:

(1) "Conduct" has the same meaning as in section 2323.51 of the Revised Code.

(2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

(D)

(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

Lawriter - ORC - 2323.52 Civil action to declare person vexatious litigator. Page 2 of 3

Case 1:22-cv-01399-JPH-DLP   Document 1-1   Filed 07/13/22   Page 12 of 13 PageID #: 18

(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

(2) If the court of common pleas finds a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio to be a vexatious litigator and enters an order described in division (D)(1) of this section in connection with that finding, the order shall apply to the person only insofar as the person would seek to institute proceedings described in division (D)(1)(a) of this section on a pro se basis, continue proceedings described in division (D)(1)(b) of this section on a pro se basis, or make an application described in division (D)(1)(c) of this section on a pro se basis. The order shall not apply to the person insofar as the person represents one or more other persons in the person's capacity as a licensed and registered attorney in a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims. Division (D)(2) of this section does not affect any remedy that is available to a court or an adversely affected party under section 2323.51 or another section of the Revised Code, under Civil Rule 11 or another provision of the Ohio Rules of Civil Procedure, or under the common law of this state as a result of frivolous conduct or other inappropriate conduct by an attorney who represents one or more clients in connection with a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims.

(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

(E) An order that is entered under division (D)(1) of this section shall remain in force indefinitely unless the order provides for its expiration after a specified period of time.

(F)

(1) A court of common pleas that entered an order under division (D)(1) of this section shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court unless the court of common pleas that entered that order is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of common pleas that entered an order under division (D)(1) of this section to grant the person leave to proceed as described in division (F)(1) of this section, the period of time commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

(2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in

Case 1:22-cv-01399-JPH-DLP Document 1-1 Filed 07/13/22 Page 13 of 13 PageID #: 19

Lawriter - ORC - 2323.52 Civil action to declare person vexatious litigator. Page 9 of 9

which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

(G) During the period of time that the order entered under division (D)(1) of this section is in force, no appeal by the person who is the subject of that order shall lie from a decision of the court of common pleas or court of appeals under division (F) of this section that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court.

(H) The clerk of the court of common pleas that enters an order under division (D)(1) of this section shall send a certified copy of the order to the supreme court for publication in a manner that the supreme court determines is appropriate and that will facilitate the clerk of the court of claims and a clerk of a court of appeals, court of common pleas, municipal court, or county court in refusing to accept pleadings or other papers submitted for filing by persons who have been found to be a vexatious litigator under this section and who have failed to obtain leave to proceed under this section.

(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

Effective Date: 06-28-2002